**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ANNIE STEWART, Individually; | |
| Plaintiff, | 8:16CV484 |
| vs. | |
| | MEMORANDUM AND ORDER |
| POPEYE'S CHICKEN,  EON PROPERTIES, LLC, NIKHIL MEHTA, AND  JOHN DOE 1 AND 2 INCLUSIVE, | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss, filed by Defendants Popeye's Chicken ("Popeye's"), EON Properties, LLC ("EON"), and Nikhil Mehta ("Mehta") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 12.  For the reasons stated below, the Motion will be granted.

## BACKGROUND

Plaintiff Annie Stewart ("Stewart") patronized Popeye's fast food restaurant located at 5223 N. 30th Street in Omaha, Nebraska (the "restaurant"), on September 20, 2015.  Comp. ¶ 9, ECF No. 1, Page ID 2.  Stewart has limited mobility and alleges she had difficulty accessing the restaurant because the restaurant facility failed to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, requirements.  *Id.*  Specifically, Stewart alleges the restaurant did not provide a van parking space compliant with the ADA Access Guidelines for Buildings and Facilities ("ADAAG")[1] with regard to width, length, and signage.  *Id.*; *see* 36 C.F.R. § 1191, App.

---

[1] Public accommodations and commercial facilities must follow the requirements of the 2010 Standards for Accessible Design, comprised of both the Title III regulations at 28 C.F.R. § 36, subpart D; and the 2004 ADA Access Guidelines at 36 C.F.R. § 1191, appendices B and D.

B & App. D.   Stewart states she intends to return to the restaurant, but that "these barriers" prevent her from doing so.   Comp. ¶ 10-11, ECF No. 1, Page ID 2-3.

On October 19, 2015, Stewart filed a complaint (the "2015 Complaint") alleging Defendants discriminated against her on the basis of her disability in violation of Title III of the ADA and its regulations.   *See* 42 U.S.C. § 12182(a).[2]   The Court dismissed that lawsuit for failure to prosecute.   *Stewart v. Popeye's Chicken, et al.*, 8:15-cv-00381-LSC-FG3, ECF No. 13 (D. Neb. Aug. 1, 2016).   On October 25, 2016, Stewart filed this action (the "2016 Complaint"), alleging the restaurant's parking area violates 42 U.S.C. § 12182(a**).**   Stewart seeks a declaration pursuant to 28 U.S.C. § 2201 that Defendants are in violation of the ADA and requests an injunction requiring Defendants "make [the restaurant] facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA."   Comp., ECF No. 1, Page ID 6.   Stewart also requests attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.   *Id.*

On December 5, 2016, Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.   ECF No. 12.   Defendants assert this case is moot because they brought the restaurant's parking area into compliance with the ADA's requirements following Stewart's initial lawsuit and prior to her filing the instant lawsuit.   Def.'s Brief Supp. Mot. to Dis., ECF No. 13, Page ID 35.   Further, Defendants contend Stewart lacks standing under Article III of the United States Constitution.

---

[2] "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."   42 U.S.C. § 12182(a).

Immediately after Stewart filed the 2015 Complaint, Defendants undertook to determine their compliance, or lack thereof, with the ADA's requirements.  Def.'s Brief Supp. Mot. to Dis., ECF No. 13, Page ID 31.  Defendants do not dispute that when Stewart visited the restaurant on September 20, 2015, the restaurant parking area lacked a van-accessible parking space in violation of the ADA's requirements.  *Id.*  On November 11, 2015, however, counsel for Defendants sent a letter to Stewart's counsel informing her that an ADA compliant van parking space now existed at the restaurant facility.  Wentz Ltr., ECF No. 14-3.  Stewart's counsel did not respond.  Again on March 18, 2016, in response to untimely service of process of the 2015 Complaint, counsel for Defendants sent a letter to Stewart's counsel informing her that the ADA violation had been remedied.  Wentz Ltr. ECF No. 14-4.  Stewart's counsel did not respond.

After Stewart filed the 2016 Complaint, counsel for Defendants sent a third letter to Stewart's counsel informing her an ADA compliant van parking space had been added and requesting a dismissal of the lawsuit.  Stewart's counsel did not respond and Defendants submit this motion to dismiss asserting mootness and lack of standing.

## STANDARD OF REVIEW

"[M]ootness and standing are questions of subject matter jurisdiction."  *Doe v. Nixon*, 716 F.3d 1041, 1047 (8th Cir. 2013).  "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction."  *Young America Corp. v. Affiliated Comput. Servs.,* 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  In a factual challenge to jurisdiction, "there is substantial authority that the trial court is free

3

to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d 724, 730). The plaintiff has the burden of proving jurisdiction exists; "[h]owever, the 'heavy' burden of proving mootness falls on the party asserting the case has become moot." *Kennedy Building Associates v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d 724.

"As no statute or rule prescribes a format for evidentiary hearings on jurisdiction, 'any rational mode of inquiry will do.'" *Brown*, 2010 WL 489531, at *2 (citing *Osborn*, 918 F.2d 724, 730). "So long as the court has afforded the parties notice and a fair opportunity to be heard, an evidentiary hearing is unnecessary." *Brown*, 2010 WL 489531, at *2 (citing *Johnson v. United States*, 534 F.3d 958, 964-65 (8th Cir. 2008)).

## DISCUSSION

Defendants have submitted sworn declarations and other documentary evidence in support of their Motion and Stewart has submitted no such evidence or brief in opposition. *See* ECF Nos. 14-1 to 14-6. Neither Stewart nor Defendants requested an evidentiary hearing and the Court finds such a hearing unnecessary. *See Johnson*, 534 F.3d 958, 964-65 (determining district court did not abuse its discretion in deciding Rule

4

12(b)(1) motion on affidavits and briefs where neither party requested a hearing).  The evidence submitted is not part of or "necessarily embraced" by the pleadings.  *Osborn*, 918 F.2d 724 at 730.  As such, the Court will treat Defendants' Motion as a factual challenge to jurisdiction and weigh the evidence to determine whether jurisdiction exists.

## I.  Mootness

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy."  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  "[A]n actual controversy must exist at all stages of review, and not simply at the date the action is initiated."  *Associated Gen. Contractors of Minn. v. Int'l Union of Operating Eng'rs Twin City Local No. 49*, 519 F.2d 269, 271 (8th Cir. 1975).  "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Already, LLC v. Nike, Inc.*, ___U.S.___133 S. Ct. 721, 726-727 (2013).

"If circumstances change over the course of litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief, the case is moot."  *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1192 (8th Cir. 2007).  "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

It is clear from the facts and circumstances of this case that Defendants' ADA violations have been remedied and cannot reasonably be expected to recur.  The 2016 Complaint alleges Defendants' restaurant failed to provide a van accessible parking space that satisfied the ADAAG requirements for length, width, and signage.  Comp. ¶ 9, ECF No. 1, Page ID 2.  Defendants' restaurant facility provides fewer than 25 parking spaces.  Mehta Decl., ECF No. 14-1, Page ID 41.  For parking areas of 25 or fewer parking spaces, the ADAAG requires that such parking areas include at least one van-accessible parking space.  36 C.F.R. § 1191, App. B.  The parking space must have a width of 132 inches, or 96 inches if the access aisle is also 96 inches wide, and vertical clearance of 98 inches.  36 C.F.R. § 1191, App. D.  It must also have an identification sign displaying the International Symbol of Accessibility and a designation of "van accessible," and be 60 inches above the ground surface.  *Id*.  Defendants submit Mehta's sworn declaration which certifies that a van accessible space now exists at the restaurant facility.  Mehta Decl., ECF No. 14-1, Page ID 41.  It further states,

> [t]he accessible space is 18 feet long, and the width of the parking space and access aisle totals 198 inches.  The space is marked with a sign bearing the symbol of accessibility.  There is a Van Accessible sign immediately below the symbol of accessibility.  The bottom of the sign is more than 60" from the ground.

*Id*.  Defendants have, therefore, addressed and remedied the discriminatory ADA violations contained in Stewart's 2016 Complaint.

Mehta's declaration concludes with the statement that "[w]e consider these modifications to be permanent in nature, and the modifications have existed since early November 2015."  *Id*.  There is no reason to believe the modifications are not permanent and Stewart has offered no evidence or argument suggesting otherwise.

6

Within one month of discovering that the restaurant's parking area did not comply with the ADAAG and nearly a year prior to Stewart's 2016 Complaint, Defendants achieved compliance.   *See id.*   Therefore, "the wrongful behavior could not reasonably be expected to recur."  *Friends of the Earth, Inc.*, 528 U.S. 167, 190 (2000).

The evidence indicates Defendants brought the restaurant parking area into compliance with the ADAAG and there is no expectation that the ADA violation Stewart complained of will recur.   The absence of any evidence or argument to the contrary leads the Court to find that Stewart's request for declaratory and injunctive relief is moot and presents no live case or controversy for purposes of Article III.   *Hummel v. St. Joseph Cty. Bd. Of Comm'rs*, 817 F.3d 1010, 1022 (7th Cir. 2016) (finding defendant brought facilities into compliance with ADA, and thus "provided plaintiffs the relief they sought," "eliminated any need for injunctive relief," and deprived them of a present "interest in maintaining th[eir] claim").   Thus, "the federal court no longer has jurisdiction to hear it."  *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994).

## II.  Standing[3]

Because "[f]ederal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies," a plaintiff must also have standing to sue.   *Steger v. Franco, Inc.* 228 F.3d 889, 892 (8th Cir. 2000).   Article III standing requires a plaintiff to prove: (1) he or she suffered an "injury-in-fact," (2) the injury and the challenged

---

[3] This case can be dismissed on mootness alone.  *See Davis v. Anthony, Inc.*, 8:16CV140-RFR-TDT, ECF No. 19 (D. Neb. Sept. 26, 2016).   Stewart, however, also lacks the standing to sue in this Court.

conduct are causally related, and (3) the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The injury Stewart alleges would not be redressed by a favorable decision from this Court. Title III of the ADA entitles a plaintiff only to injunctive relief, not damages. *Stebbins v. Legal Aid of Ark.*, 512 F. App'x 662, 663 (8th Cir. 2013) (citing 42 U.S.C. § 12188(a)). Stewart requests an injunction requiring Defendants "make [the restaurant] facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA." Comp. 6, ECF No. 1. The evidence submitted indicates Defendants remedied the ADA violation Stewart complained of and brought the restaurant parking area into full compliance with the ADAAG before Stewart filed the 2016 Complaint. "Obviously, then, a favorable resolution of [Stewart]'s ADA claim cannot do anything to 'redress' these problems because these problems do not exist— and have not existed since before [Stewart] commenced this litigation." *Davis v. Queen Nelly, LLC*, No. 16-CV-2553 (PJS/SER), 2016 WL 5868066, at *1 (D. Minn. Oct. 6, 2016) (finding plaintiff lacked standing where defendant modified its parking area to comply with ADA requirements before plaintiff commenced the lawsuit). Because Stewart's injury would not be redressed by a favorable decision, she lacks standing to sue. As such, her request for injunctive relief presents no live case or controversy and this Court lacks Article III jurisdiction.

## III. Attorney's Fees

Stewart also requests an award of attorney's fees pursuant to 42 U.S.C. § 12205. Section 12205 grants the court discretion to award the "prevailing party" attorney's fees, litigation expenses, and costs. 42 U.S.C. § 12205. Stewart may perceive herself to be

8

a "prevailing party" because her 2015 Complaint prompted Defendants to remedy an apparent ADA violation.  The United States Supreme Court, however, has held "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" in the parties' legal relationship to classify the plaintiff as a "prevailing party" under § 12205.  *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).  Stewart's request for an award of attorney's fees is, therefore, denied.  Accordingly,

IT IS ORDERED:

1.  The Defendants' Motion to Dismiss, ECF No. 12, is granted;

2.  The above-captioned action is dismissed with prejudice; and

3.  A separate judgment will be entered.

Dated this 13th day of January, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

9